FILED

**NOT FOR PUBLICATION**

AUG 20 2008

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-10355 |
| Plaintiff - Appellee, | D.C. No. CR-03-00930-DAE |
| v. | |
| ROBERT E.M. SOHNREY, aka Edward B. Cook, | MEMORANDUM[*] |
| | USDC HI CR 03-00533 DAE |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued June 12, 2006
Submitted August 20, 2008

Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

Robert Sohnrey appeals his 60-month sentence, arguing that the district court erred by imposing a sentence in excess of the advisory guidelines range

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

without first giving notice of its intent to do so.  Sohnrey also challenges the reasonableness of the sentence.  We conclude that the district court was not required to provide notice of its intent to apply an above-Guidelines sentence and that the 60-month sentence was not unreasonable.  Accordingly, we affirm.

The district court is required to provide notice of its intent to apply an upward departure under the Guidelines.  *United States v. Evans-Martinez*, 530 F.3d 1164, 1168 (9th Cir. 2008).  Notice, however, is not required for variances under 18 U.S.C. § 3553(a).  *Irizarry v. United States*, 553 U.S. ___, slip op. at 6 (2008).

Here, the district court calculated an applicable guidelines range of 37-46 months.  This range included increases in Sohnrey's offense level based on the amount of loss caused by his fraud, the use of counterfeit documents, the violation of a previous judicial order to pay child support, and the use of sophisticated means to perpetrate his fraud.  It also included a reduction of three points in the offense level due to Sohnrey's acceptance of responsibility.  The district court, however, imposed a 60-month sentence.  The court explained its decision as follows: "The court believes that the advisory guidelines do not take into account the exceptionally extensive nature of [Sohnrey's] criminal enterprise . . . , the period of time over which it was undertaken or the extreme complexity of it.  Even though two points were added to his guideline sentence for . . . the complexity, [the

guidelines] didn't take into consideration the extensive nature of it." Put another way, the district court considered "the nature and circumstances of the offense" and concluded that an above-Guidelines sentence was required in order to "reflect the seriousness of the offense . . . and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1), (2)(A). The above-Guidelines sentence represents a variance from the Guidelines, not a departure under them, and notice was not required. *Irrizary*, slip op. at 6.

Sohnrey also challenges the substantive reasonableness of his sentence. We review the above-Guidelines sentence for abuse of discretion, "giv[ing] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "We may not reverse just because we think a different sentence is appropriate." *Id.*

Although the 60-month sentence is well outside of the Guidelines range, we cannot conclude that it was unreasonable. Sohnrey appropriated the identity of a deceased man not only to defraud the social security system but to escape his own financial obligations. The district court did not abuse its discretion by increasing Sohnrey's sentence because of the extensive and complex nature of the scheme.

**AFFIRMED.**